- E X H I B I T   A -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x

MARCELLA BOND,

                  Plaintiff,

-against-

STOP and SHOP SUPERMARKET COMPANY,

                  Defendant.
-------------------------------------------------------------------x County of Kings

Index No.:
SUMMONS WITH NOTICE

Plaintiff designates Kings County as the place of the trial; the basis of the venue is, plaintiff's place of residence is Kings County;

ADDRESS: 1725 East 8th Street #2F
               Brooklyn, NY 11223

TO THE ABOVE-NAMED DEFENDANT(S)

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          January 2, 2020

                                                    Yours, etc.,

                                                    _____
                                                    TEPERMAN AND TEPERMAN, LLC.
                                                    By: Bruce R. Teperman
                                                    Attorney for plaintiff
                                                    MARCELLA BOND
                                                    15 East 40 Street, Suite 800
                                                    New York, New York 10016
                                                    212-725-2313

Defendant(s)

STOP & SHOP SUPERMARKET COMPANY.
1009 Flatbush Avenue
Brooklyn, NY 11226

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
MARCELLA BOND,

                              Plaintiff,

    -against-

STOP and SHOP SUPERMARKET COMPANY,

                              Defendant.
-----------------------------------------------------------------x

VERIFIED COMPLAINT
Index No.:

      Plaintiff, by his attorneys, TEPERMAN AND TEPERMAN, LLC., complaining of the defendant above-named, respectfully shows to the Court and states the following, upon information and belief:

      1. That at all times herein mentioned, the defendant, STOP and SHOP SUPERMARKET COMPANY was the owner of those certain premises known as and by STOP & SHOP located at 1009 Flatbush Avenue, Brooklyn, NY 11226.

      2. That at all times herein mentioned, the defendant, STOP and SHOP SUPERMARKET COMPANY was the owner of those certain premises known as and by 1009 Flatbush Avenue, Brooklyn, NY 11226.

      3. That at all times herein mentioned, defendant STOP and SHOP SUPERMARKET COMPANY maintained said premises located at 1009 Flatbush Avenue, Brooklyn, NY 11226, City and State of New York.

      4. That at all times herein mentioned, defendant STOP and SHOP SUPERMARKET COMPANY managed said premises located at. 1009 Flatbush Avenue, Brooklyn, NY 11226.

      5. That at all times herein mentioned, defendant STOP and SHOP SUPERMARKET COMPANY controlled said premises located at 1009 Flatbush Avenue, Brooklyn, NY 11226, in

– 1 –

the Borough of Brooklyn, City and State of New York.

6. At all the times herein mentioned, and more particularly on March 13, 2017, and prior thereto defendant STOP & SHOP SUPERMARKET COMPANY operated said premises located at 1009 Flatbush Avenue, Brooklyn, NY 11226. in the Borough of Brooklyn, City and State of New York.

7.. At all the times herein mentioned, and more particularly on March 13, 2017, and prior thereto defendant STOP & SHOP SUPERMARKET COMPANY through its agents, servants and/or employees, owned, operated, controlled and managed the premises known as and by 1009 Flatbush Avenue, Brooklyn, NY 11226. in the Borough of Kings, City and State of, New York.

8. At all the times herein mentioned, and more particularly on March 13, 2017, and prior thereto defendant was the owner of certain premises 1009 Flatbush Avenue, Brooklyn, New York, through its agents, servants and/or employees, owned, operated, controlled and managed the premises known as and by STOP & SHOP SUPERMARKET COMPANY Brooklyn, NY 11226, in the Borough of Brooklyn, City and State of, New York.

9. At all the times herein mentioned, and more particularly on March 13, 2017, and prior thereto defendant STOP & SHOP SUPERMARKET COMPANY through its agents, servants and/or employees, owned, operated, controlled and managed, maintained the premises known as and by STOP & SHOP SUPERMARKET COMPANY in the Borough of Brooklyn, City and State of, New York.

10. At all times herein plaintiff was lawfully and properly a customer in said premises located 1009 Flatbush Avenue, NY 11226 where she slipped and fell by exit #9 of the said Supermarket on bunches of grapes scattered all over on the floor, cause her to sustain severe

personal injury

11. At all the times herein mentioned, defendant STOP & SHOP SUPERMARKET COMPANY., was a domestic corporation duly licensed to do business in the State of New York.

12. At all the times herein mentioned, defendant STOP & SHOP SUPERMARKET COMPANY, was a foreign corporation duly licensed to do business in the State of New York.

13. At all the times herein mentioned, defendant STOP & SHOP SUPERMARKET COMPANY was a corporation duly licensed to do business in the State of New York.

14. At all the times herein mentioned, defendant STOP & SHOP SUPERMARKET COMPANY, was a corporation duly licensed to do business in the State of New York.

15. That on March 13, 2017, at about 8:00 p.m. the plaintiff was lawfully and properly present in the store by exit #9 of the aforesaid premises located at STOP & SHOP SUPERMARKET COMPANY, where she tripped and fell on bunches of grapes scattered all over the floor causing her to sustain multiple bodily injuries.

16. In consequence of the foregoing the plaintiff sustained severe, grievous, permanent injuries.

17. That the limitations of liability set forth in CPLR 1601 do not apply to the plaintiffs herein by reason of the fact that the exceptions set forth in CPLR 1602 do apply.

18. That the foregoing occurrence was due to the negligence of the defendant and that of its agents, servants and/or employees and without any negligence on the part of the plaintiff contributing thereto.

19. Defendant were negligent in failing and omitting to keep the aforesaid premises and more particularly the floor by exit #9 in a proper and/or reasonable state of maintenance, repair; in negligently, carelessly and recklessly allowing a defective condition to be, become and remain

– 3 –

on the floor of the said premises for a long and unreasonable period of time; in causing and permitting the said floor to become slippery, said premises for a long and unreasonable period of time thereby creating a nuisance, menace, hazard and a trap for individuals lawfully using said premises and more particularly the plaintiff so that individuals could not use portions of the premises with safety; in negligently, carelessly and recklessly failing and omitting to maintain and clean defective floor and bunches of grapes, and other items although said defendant, their agents, servants and employees knew or should have known of the dangerous condition of the floor in more than sufficient time to clean the same and prior to the occurrence herein complained of; in negligently, carelessly and recklessly failing and omitting to maintain said premises in a proper and reasonable state of safety so that the plaintiff herein could be free of unreasonable and dangerous risks and occurrences; in that defendant had actual knowledge of the condition complained of for a long and unreasonable length of time; that the condition complained of existed for a sufficient length of time that in the exercise of reasonable care, defendant should have known of its existence and corrected it; but despite such knowledge, the defendant failed and omitted to correct and/or remedy the condition complained of; and in that the defendant, its agents, servants and/or employees were otherwise careless, reckless and negligent in the premises.

20. That as a consequence of the foregoing, the plaintiff was caused to sustain personal injuries.

21. That as a consequence of the foregoing, the plaintiff was caused to sustain internal injuries and external injuries, she has been prevented from pursuing her usual activities; has been obliged to seek medical aid and attention.

– 4 –

WHEREFORE, the plaintiff demands judgment against the defendant where this Court deems just and proper besides the costs and disbursements of this action.

Dated: New York, New York
January 2, 2020

Yours etc.,

*[signature: Bruce Teperman]*

TEPERMAN & TEPERMAN, LLC.
BRUCE R. TEPERMAN, ESQ.
Attorneys for plaintiff
MARCELLA BOND
15 East 40th Street, Suit 302
New York, New York 10016
212-725-2313

ATTORNEY VERIFICATION

STATE OF NEW YORK)

COUNTY OF NEW YORK)

BRUCE R. TEPERMAN an attorney admitted to practice in the State of New York, affirms the following to be true under the penalties of perjury:

1. I am an associate of TEPERMAN AND TEPERMAN, LLC, attorneys for the plaintiffs in the within action.

2. I have read the foregoing Verified complaint and know the contents thereof.

3. The same is true to my own knowledge except as to the matters therein alleged upon information and belief and as to those matters, I believe it to be true.

4. The reason why this Verification is made by me and not the Plaintiff is that the Plaintiff resides in a County other than the county wherein I maintain my office.

5. The grounds of my belief as to all matters not stated upon my knowledge are as follows: Conversations with Plaintiff and others; official documents; my file and other good and sufficient sources.

Dated:  New York, New York
        January 2, 2020

_____
BRUCE R. TEPERMAN

Index No.:                              Year 2020 E

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

MARCELLA BOND,

                                                      Plaintiff(s),
     -against-

STOP and SHOP SUPERMARKET COMPANY,

                                                      Defendant(s),

# SUMMONS & VERIFIED COMPLAINT

*Law Offices*
**TEPERMAN & TEPERMAN, LLC.**
Attorney's for Plaintiff(s)
**MARCELLA BOND**
*15 EAST 40 Street, Suite 800*
*New York, New York 10016*
*Tel.No. (212) 725-2313*
*Fax No. (212)725-2319*

Pursuant to 22 NYCRR 130.1.1, the undersigned, an attorney admitted to practice law in the courts of New York State, Certifies upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

*Dated:* _____
                                                      *Bruce R. Teperman, Esq.*

*Service of a copy of the within* _____ *is hereby admitted.*

*Dated:* _____
                                                     *Attorney (s) for*

**PLEASE TAKE NOTICE**
☐    that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within named Court on _____, 2020.
☐    that an Order of which the within is a true copy will be presented for settlement to the Hon. _____, one of the judges of the within named Court, at _____, on _____, 2020, at _____ am/pm.

*Dated:* _____
                                                   *Attorney for*
                                                   *Office Address & Tel No.:*

To:

Attorney(s) for